THOS. L. LOVE v. J. G. DICKERSON and wife.

*Practice—Right to Open and Conclude.*

The party who asserts the affirmative of an issue has the right to open and conclude the argument, hence a defendant who pleads payment of the note sued on (admitting its execution) being the affirmant, the *onus* is upon him to show payment, and he is entitled to open and conclude.

CIVIL ACTION to foreclose a mortgage, tried at Spring Term, 1881, of WAKE Superior Court, before *Schenck, J.*

The plaintiff in his complaint alleged the execution of

the mortgage and the making by defendant of the promissory note secured therein, the advertisement of the sale of the property conveyed, the payment of twelve dollars, the expense incurred by reason thereof, and the failure to sell on the day appointed in consequence of the want of a bidder, the defendant being present and forbidding the sale. The plaintiff demanded judgment that the mortgage be foreclosed, the premises sold, and the proceeds applied to payment of the debt and said twelve dollars for advertisement as aforesaid.

The defendent in his answer admitted the making of the note, the execution of the mortgage and the advertisement of the sale, but insisted that the debt secured in the mortgage had been paid, and that the advertisement of sale had been made for the purpose of securing a debt other than that secured in the mortgage, which plaintiff pretended was due and owing from defendant to him, but which defendant denied.

Upon the opening of the case, the plaintiff introduced testimony to prove the advertisement of the sale of the land described in the mortgage deed, under the provisions of said mortgage as alleged in the complaint, and that the plaintiff had paid twelve dollars as the costs of the advertisement. The proof was offered without objection, and the plaintiff rested. The defendant then introduced a witness to prove payment of the mortgage note, and his counsel stated to the court that he rested. Upon inquiry by plaintiff's counsel, the defendant's counsel insisted that he had the right to open and conclude the evidence and the argument to the jury. To this the plaintiff's counsel objected, insisting that the affirmative of the issue raised by the pleadings as to the advertisement under the mortgage deed in dispute, and the right to recover the costs of the action, was upon the plaintiff, and further, the claim of the defendant to open and conclude was not made in apt time. His Honor ruled that the only issue raised by the pleadings was as

to the payment of the mortgage note, and that the defendant might open and conclude, to which the plaintiff excepted.

Verdict and judgment for the defendant, appeal by plaintiff.

*Messrs. Reade, Busbee & Busbee*, for plaintiff.
*Messrs. Merrimon, Fuller & Fuller*, for defendant.

ASHE, J. It is a familiar rule of practice that the party who substantially asserts the affirmative of the issue, has the right to open and conclude. "*Ei incumbit probatio qui dicit, non qui negat.*" There are to be sure exceptions to this rule; as for instance, where the affirmative allegation is supported by a legal presumption, or the truth of the negative averments is peculiarly within the knowledge of the party who relies on them. But this case does not fall within any of these exceptions. The question here is, upon whom is the burden of proof thrown by the issue arising on the pleadings? The decisions on the subject are very numerous and conflicting, but upon examination of the authorities we are disposed to adopt the rule laid down by Taylor in his work on Evidence (Vol. I, §338), where he says : " The best tests that can be devised for ascertaining on whom the burthen of proof lies, are, first, to consider which party would succeed if no evidence were given on either side; and, secondly, to examine what would be the effect of striking out of the record the allegation to be proved, bearing in mind, the *onus* must lie on which ever party would fail, if either of these steps were pursued."

Now to apply these tests to our case—The only issue raised by the pleadings is, whether the note secured by the mortgage has been paid. The plaintiff opened the case, without any inquiry as to his right to do so, by proving the payment of the twelve dollars as the expense of the advertisement. But it was not necessary to do so, for the allegation that he

had paid it was not denied in the answer, and under our present practice where an allegation in the complaint is not denied in the answer, it is taken as admitted. The defendant pleaded payment of the note and insisted that the plaintiff had advertised the sale of the property conveyed in the mortgage, not to secure the mortgage debt, but some other claim which the defendant did not owe. So that, the only issue to be submitted to the jury was the payment of the note. On that issue the defendant was the affirmant, and the *onus* was upon him to show the payment, and that it was paid before the advertisement was made; otherwise the plaintiff would have the right to recover the twelve dollars. If no evidence had been offered on either side, the plaintiff would have had the right to recover, not only the twelve dollars, but the amount of the note, because the making of the note by defendant is admitted in his answer and the payment of the twelve dollars not denied. And further, the payment of the note being the only allegation in the case to be proved, if that were stricken out, the defendant would fail in his defence. So that, according to either of the tests, the *onus* was on the defendant and he would have right to open and conclude.

The objection made by the plaintiff to the motion not being made in apt time, applies as well to himself as to the defendant. We suppose the real controversy in this case was as to who should have the reply in the argument.

There is no error. The judgment of the court below is affirmed.

No error.                              Affirmed.